## CÆSAR WILLIAMS vs. THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Indictment ; when demurrable.*—A count of the indictment in the following words, viz: "The grand jury of said county charge that, before the finding of the indictment, Cæsar Williams feloniously took and carried away a certain paper writing, commonly called a cotton receipt, issued by E. M. Byrne & Co., a firm composed of E. M. Byrne and Henry H. Bender, and dated December 4th, 1869, numbered 988, and issued to M. David McDonald for the receipt of one bale of cotton marked [M. D.], and weighing (524) five hundred and twenty-four pounds, of the value of more than one hundred dollars, the property of said M. David McDonald, against the peace and dignity of the State of Alabama," is demurrable, because it is too uncertain whether any value of the property stolen is alleged or not. The allegation of value here may as well apply to the bale of cotton as to the receipt.

2. *Larceny ; what charge as to, erroneous.*—A charge of the court that an unlawful taking and carrying away is sufficient to constitute the offense of larceny, is erroneous. The taking and carrying away must be felonious as well as unlawful.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

The facts upon which the decision rests are sufficiently set out in the opinion.

PETTUS & DAWSON, and P. G. WOOD, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—This is an indictment for larceny. There was a demurrer to its sufficiency in the court below, which was overruled. There are two counts, both of which are open to the same objection, if the demurrer was well taken, and we think it was.

The first count, which is similar to the second, is in these words: "The grand jury of said county charge that, before the finding of this indictment, Cæsar Williams feloniously took and carried away a certain paper writing, commonly called a cotton receipt, issued by E. M. Byrne & Co., a firm composed of E. M. Byrne and Henry H. Bender, and dated December 4th, 1869, numbered 988, and issued to M. David McDonald, for the receipt of one bale of cotton marked [M. D.], and weighing (524) five hundred and twenty-four pounds, of the value of more than one hundred dollars, the personal property of said M. David McDonald, against the peace and dignity of the State of Alabama."

In such an indictment the value of the property stolen should be alleged, and upon conviction judgment should be given against the accused for the assessed value of the stolen property, unless it has been returned to the owner. Rev. Code, § 3706, 3708, 3709, *Forms*, p. 812.

This allegation of value should be so certain as to leave it without necessity of inference or argument to show it. It must be patent and evident, upon inspection of the facts constituting the charge.—1 Bish. Crim. Proc. p. 42, § 42. Here it is uncertain whether the value alleged belongs to the bale of cotton or to the receipt. The syntax of the sentence legitimately connects the statement of value with the cotton, or it leaves it doubtful whether this was not the purpose of the pleader. This is not sufficient.

The charge of the court was also wrong. An unlawful taking and carrying away is not enough to constitute larceny; these must be felonious, as well as unlawful. The court did not so charge. The charge was therefore erroneous.

The other questions, mooted on the trial below, may not again arise; their further consideration is therefore postponed until they do arise.

Let the judgment of the court below be reversed, and the cause remanded for a new trial; and, in the meantime, the defendant will not be discharged, except by due course of law.